UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| YARISKENIA VALIDO PADRON,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>TODD W. BLANCHE,<br>CHARLES WALL,<br>WARDEN,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-00229-TWP-KMB |

**Order Denying Without Prejudice Petition for Writ of Habeas Corpus**

This matter is before the Court on Petitioner Yariskenia Valido Padron's Petition for Writ of Habeas Corpus (Dkt. 1). Valido Padron seeks release from the Clark County Jail, where she is detained on behalf of federal immigration authorities. For the reasons explained below, the petition is **denied**.

## I. BACKGROUND

Valido Padron is a citizen of Cuba. She arrived at the United States with her husband in 2022 and entered without inspection. Both were apprehended by Border Patrol agents who separated Valido Padron from her husband. Her husband has since been granted humanitarian parole and is a Legal Permanent Resident. Valido Padron has a pending I-130 Petition for Alien Relative. (Dkt. 1 ¶¶ 2–3).[1]

On February 26, 2026, Valido Padron was arrested after an incident of domestic violence with her husband. *Id.* ¶ 4. She was referred to the immigration court and charged with being

[1] Respondents have not opposed the factual assertions in Ms. Valido Patron's petition, so the Court accepts them as true.

inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 50. On May 28, 2026, an immigration judge ordered Valido Padron's removal, she appealed, and the appeal remains pending before the Board of Immigration Appeals. *Id.* ¶ 5.

Valido Padron admits that she did not request a bond hearing and claims that requesting one would be futile because of her pending domestic violence case. *Id.* ¶ 6. But she states in her reply that the domestic violence matter was dismissed on September 23, 2026. (Dkt. 16 ¶ 5). She now agrees that she is eligible to request a bond hearing and states that her counsel "is in the process of requesting a bond hearing before the Immigration Court." *Id.* ¶¶ 7, 10.

## II. <u>DISCUSSION</u>

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at 920.

Respondents state in their answer that "*Cirrus Rojas* resolves the case and controversy of this Petition." (Dkt. 11 at 1). They concede that, "[a]pplying *Cirrus Rojas*, Petitioner's detention is lawful under 8 U.S.C. § 1226, . . . and Petitioner is entitled to a custody redetermination hearing in immigration court." *Id.* at 2. The parties therefore agree that Valido Padron is eligible for a bond hearing.

Respondents ask the Court to dismiss this action and direct Valido Padron to request a bond hearing through an immigration court rather than grant her relief. *Id.* at 2–3. Although Valido Padron initially asserted that seeking bond would be futile, she now concedes that a bond hearing is available because her domestic violence case has been dismissed. (Dkt. 16 ¶¶ 9–10).

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez*, 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

None of those exceptions is present here. The Seventh Circuit's directive in *Cirrus Rojas* is clear: Valido Padron is entitled to a bond hearing. Respondents acknowledge as much in their response. The Court has no factual or legal basis at this point to conclude that immigration officials will ignore *Cirrus Rojas*'s binding mandate in this district and withhold consideration of bond if Valido Padron pursues bond in the immigration court.

Thus, Valido Padron must exhaust her administrative remedies before presenting her petition to this Court. *Gonzalez*, 355 F.3d at 1016. The practical difference in outcomes between Valido Padron requesting a bond hearing and the Court ordering Respondents to hold a bond hearing should be negligible. Requiring the exhaustion of administrative remedies should not cause unreasonable delay. The agency can provide § 1226 bond hearings. The request should not be futile given *Cirrus Rojas*'s mandate. And there are no substantial constitutional questions that need to be addressed before Valido Padron receives a bond hearing.

Federal courts should "prevent[] premature interference with agency processes, so that the agency may function efficiently." *Weinberger*, 422 U.S. at 765. So, out of "respect for the functions of the other branches," *Webster v. Doe*, 486 U.S. 592, 609 (1988) (Scalia, J., dissenting), the Court defers to the administrative process, especially in this case where "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). As interpreted by Seventh Circuit

precedent, it is premature for this Court to step in now, before the agency has had a chance to implement congressional policy of giving Valido Padron a § 1226 bond hearing. Accordingly, this petition is denied.

## III. Conclusion

Petitioner Yariskenia Valido Padron's Petition for Writ of Habeas Corpus, Dkt. [1] is **DENIED** without prejudice because Petitioner has not exhausted her administrative remedies. If the administrative path proves ineffective to allow Valido Padron to receive a bond hearing, she may file a new petition.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: October 6, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jannette Pineiro
Jannette Pineiro, PA
jpineiropa@gmail.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com